**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **JAVIER TREJO,**<br>**individually and on behalf of other**<br>**persons similarly situated,**<br><br>　　　　　　　　Plaintiff,<br><br>　　v.<br><br>**PRECISION DIALOGUE DIRECT,**<br>**INC.,**<br><br>　　　　　　　　Defendant. | Case No.　22-cv-5296<br><br>Removed from the State of Illinois,<br>Circuit Court of Cook County,<br>Case No. 2022 CH 08472 |

## <u>NOTICE OF REMOVAL</u>

Defendant Precision Dialogue Direct, Inc. ("PDD" or "Defendant") hereby removes the above-captioned action, which is currently pending in the Illinois Circuit Court of Cook County, to the United States District Court for the Northern District of Illinois. This removal is based upon jurisdiction under the Class Action Fairness Act of 2005 ("CAFA"), pursuant to 28 U.S.C. §§ 1332(d), 1441(b), and 1446. In support of its Notice of Removal, PDD states the following:

### *The State Court Action*

1.　　　　On August 26, 2022, Plaintiff Javier Trejo ("Plaintiff") filed a putative class action complaint ("Complaint") in the Cook County Circuit Court, captioned *Javier Trejo, individually and on behalf of other persons similarly situated v. Precision Dialogue Direct, Inc.*, Case No. 2022 CH 08472 (the "Action"). The Complaint alleges that Defendant violated the Illinois Biometric Information Privacy Act (740 ILCS 14/1, *et seq.*) ("BIPA") in six different ways. (*See* Exhibit 1, Complaint at ¶¶ 31-33.)

2.　　　　Defendant was served with a copy of the Summons and the Complaint on August 29, 2022. This was Defendant's first formal notice of the Action. In accordance with 28 U.S.C. §

1446(b), a true and correct copy of all process, pleadings, and orders served upon Defendant, including a copy of the Summons and Complaint, is attached as **Exhibit 1**. No other processes, pleadings, or orders have been served on Defendant in this matter.

3.      This Notice of Removal is timely filed within 30 days of Defendant's receipt of service of the Complaint as permitted by 28 U.S.C. § 1446(b).

4.      Plaintiff alleges that he brings this Complaint on behalf of a proposed class of "[a]ll individuals whose biometric data Defendant collected or stored in Illinois" (the "Class"). (Ex. 1, Compl., ¶ 26.) Plaintiff asserts that "the number of persons within the class is substantial, believed to amount to hundreds of persons." (*Id.*, ¶ 27(a).)

5.      Plaintiff alleges that Defendant violated his rights and the rights of the Class under BIPA by:

- Failing to publicly provide a publicly-available retention schedule detailing the length of time for which the biometrics are stored and/or guidelines for permanently destroying the biometrics they store in violation of 740 ILCS 14/15(a);

- Failing to inform Plaintiff and the Class in writing that their biometrics were being collected and stored, prior to such collection or storage, in violation of 740 ILCS 14/15(b)(1);

- Failing to inform Plaintiff and the Class in writing of the specific purpose for which their biometrics were being captured, collected, stored, and used, in violation of 740 ILCS 14/15(b)(2);

- Failing to inform Plaintiff and the Class in writing of the specific length of time their biometrics were being captured, collected, stored, and used, in violation of 740 ILCS 14/15(b)(2);

- Failing to obtain written releases from Plaintiff and the Class in violation of 740 ILCS 14/15(b)(3); and

- Failing to store biometric using the reasonable standard of care within its industry and/or in a manner the same as or more protective than that in which Defendant stores, transmits, and protects other confidential and sensitive information, in violation of 740 ILCS 14/15(e).

(*See id.*, ¶¶ 31-33.)

6.      Plaintiff seeks class certification, a finding that Defendant violated BIPA, liquidated monetary damages on behalf of himself and the Class for each time Defendant violated BIPA, injunctive relief, reasonable attorneys' fees and costs, and pre- and post-judgment interest. (*Id.*, Prayer for Relief.)

### *Venue*

7.      Because the Circuit Court of Cook County lies in the Northern District of Illinois, Eastern Division, this Court is the appropriate venue for removal. *See* 28 U.S.C. §§ 93(a)(1), 1441(a), and 1446(a).

8.      As explained further below, this Court has original jurisdiction over this Action pursuant to 28 U.S.C. § 1332(d), because it is a civil action between citizens of different states and the amount in controversy for the Class members in the aggregate exceeds $5,000,000.[1]

### *CAFA Jurisdiction*

9.      Removal jurisdiction exists because this Court has original jurisdiction over this action under CAFA. *See* 28 U.S.C. § 1332(d). In relevant part, CAFA grants district courts original jurisdiction over civil actions filed under federal or state law in which any member of a class of plaintiffs, which numbers at least 100, is a citizen of a state different from any defendant and where the amount in controversy for the putative class members in the aggregate exceeds the sum or value of $5,000,000, exclusive of interest and costs. 28 U.S.C. § 1332(d).

---

[1] Defendant does not concede, and specifically reserves the right to contest, all of Plaintiff's alleged factual assertions, legal contentions, and alleged damages.

10.    CAFA authorizes removal of such actions pursuant to 28 U.S.C. § 1446. As set forth below, this case meets all of CAFA's requirements for removal and is timely and properly removed by the filing of this Notice.

11.    Here, numerous members of the putative Class of plaintiffs and Defendant are citizens of different states, and the amount in controversy for the Class members in the aggregate exceeds $5,000,000.

12.    Though the Complaint fails to allege Plaintiff's citizenship, and PDD has been unable to locate Plaintiff in its records, PDD's records reflect that some of the putative class members live outside of Illinois, including in Indiana, Michigan, Ohio, Oklahoma, and Wisconsin. (**Exhibit 2**, Declaration of Mark Brothers ("Brothers Decl.") at ¶ 6.) Some putative class members are therefore citizens of states other than Illinois.

13.    Defendant is incorporated under the laws of the State of Illinois, and its principal place of business is located in Chicago, Illinois. Therefore, Defendant is a citizen of Illinois. (*Id.*, ¶ 4.)

14.    Thus, diversity for purposes of CAFA is satisfied because numerous class members are citizens of Indiana, Michigan, Ohio, Oklahoma, and Wisconsin, and Defendant is a citizen of Illinois.

15.    Defendant is not a state, state official, or other governmental entity, as required by 28 U.S.C. § 1332(d)(5)(A).

16.    The putative class consists of 100 or more individuals, as required by 28 U.S.C. § 1332(d)(5)(B). Here, Plaintiff alleges that employees were required to scan their fingerprints each time they clocked in and clocked out of Defendant's jobsites. (*See* Ex. 1, Compl., ¶ 14.) While Defendant denies that its timeclock system(s) captured the biometrics of Plaintiff or the Class

alleged in the Complaint, within the state of Illinois, over 350 RRD employees may have enrolled in a timeclock system since August 26, 2017 that scanned a portion of the employee's fingertip or hand. (Ex. 2, Brothers Decl., ¶ 5.) Accordingly, the putative class consists of more than 100 individuals.

17.     Though Plaintiff's Complaint is silent as to the total amount of damages claimed, his pleadings and putative class plausibly place more than $5,000,000 in controversy. *See Oshana v. Coca-Cola Co.*, 472 F.3d 506, 511 (7th Cir. 2006); *Blomberg v. Service Corp. Int'l*, 639 F.3d 761, 763 (7th Cir. 2011).

18.     Plaintiff alleges Defendant owes $5,000 in statutory damages for each intentional and/or reckless violation of BIPA. (*See* Ex. 1, Compl., Count I, Prayer for Relief § c; 740 ILCS 14/20.) There have been over 350 RRD employees enrolled in the timeclock systems in the five years preceding Plaintiff's Complaint being filed. (Ex. 2, Brothers Decl., ¶ 5.) Plaintiff's Complaint alleges six BIPA violations per class member. (Ex. 1, Compl., ¶¶ 31-33.) Accordingly, if Defendant is found to have willfully committed all six alleged violations of the BIPA with respect to each of the 350 putative class members, the amount in controversy is $10,500,000, exclusive of attorneys' fees.

19.     While Defendant denies the validity and merit of all of Plaintiff's claims and denies his requests for relief thereon, the factual allegations in Plaintiff's Complaint put the total amount of damages at issue in this action in excess of $5,000,000, which exceeds this Court's jurisdictional minimum under CAFA.

20.     As a result of the diversity of citizenship and amount in controversy, removal of this Action under CAFA is appropriate.

### *Compliance With Procedural Requirements*

21.     This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b), as it is being filed within 30 days of Defendant being served with the Complaint on August 29, 2022.

22.     Attached as **Exhibit 3** is a true and correct copy of the Notice to Adverse Party of Filing of Notice of Removal, the original of which is being served upon Plaintiff Javier Trejo, as required by 28 U.S.C. § 1446(d), through his attorneys, Roberto Costales and William Beaumont of Beaumont Costales, 107 W. Van Buren Street, Suite 209, Chicago, Illinois 60605.

23.     A true and correct copy of this Notice of Removal has been forwarded for filing in the Circuit Court of Cook County. Attached as **Exhibit 4** is a copy of the Notice to State Court of Filing Notice of Removal, the original of which is being filed with the Clerk of the Circuit Court of Cook County, as required by 28 U.S.C. § 1446(d).

24.     Defendant files this Notice of Removal solely for the purpose of removing the instant Action and does not waive, and specifically reserves, any and all defenses.

**WHEREFORE,** having fulfilled all statutory requirements, Defendant Precision Dialogue Direct, Inc. hereby removes this Action from the Circuit Court of Cook County, to this Court, and requests this Court assume full jurisdiction over the matter as provided by law and permit this Action to proceed before it as a matter properly removed thereto.


Dated: September 28, 2022                                    Respectfully Submitted,



                                                                            */s/ Orly Henry*

Kwabena Appenteng
*kappenteng@littler.com*
Orly Henry
*ohenry@littler.com*
LITTLER MENDELSON, P.C.
321 North Clark Street, Suite 1100
Chicago, Illinois 60654
312-372-5520

Patricia J. Martin
*pmartin@littler.com*
LITTLER MENDELSON, P.C.
600 Washington Avenue, Suite 900
St. Louis, Missouri 63101
314-659-2000

*Attorneys for Defendant Precision Dialogue Direct, Inc.*

### <u>CERTIFICATE OF SERVICE</u>

I, Orly Henry, an attorney, certify that I caused a copy of the foregoing document to be served upon the below attorneys of record via email on September 28, 2022:

Roberto Luis Costales
*rlc@beaumontcostales.com*
William H. Beaumont
*whb@beaumontcostales.com*
Beaumont Costales LLC
107 W. Van Buren, Suite 209
Chicago, Illinois 60605

*/s/ Orly Henry*
One of Defendant's Attorneys

# EXHIBIT 1

This form is approved by the Illinois Supreme Court and is required to be accepted in all Illinois Circuit Courts.

# STATE OF ILLINOIS,
## CIRCUIT COURT

**Cook** COUNTY

**SUMMONS**

*For Court Use Only*

FILED
8/26/2022 1:32 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2022CH08472
Calendar, 10
19257046

| Instructions ▼ | |
|---|---|
| Enter above the county name where the case was filed. | Javier Trejo<br>**Plaintiff / Petitioner** *(First, middle, last name)* |
| Enter your name as Plaintiff/Petitioner. | v. |
| Enter the names of all people you are suing as Defendants/ Respondents. | Precision Dialogue Direct, Inc<br>**Defendant / Respondent** *(First, middle, last name)* |
| Enter the Case Number given by the Circuit Clerk. | ☐ **Alias Summons** (Check this box if this is not the 1st Summons issued for this Defendant.) |

**2022CH08472**

**Case Number**

| **IMPORTANT INFORMATION:** | There may be court fees to start or respond to a case. If you are unable to pay your court fees, you can apply for a fee waiver. You can find the fee waiver application at: illinoiscourts.gov/documents-and-forms/approved-forms/.<br><br>E-filing is now mandatory with limited exemptions. To e-file, you must first create an account with an e-filing service provider. Visit efile.illinoiscourts.gov/service-providers.htm to learn more and to select a service provider. If you need additional help or have trouble e-filing, visit illinoiscourts.gov/faq/gethelp.asp or talk with your local circuit clerk's office. If you cannot e-file, you may be able to get an exemption that allows you to file in-person or by mail. Ask your circuit clerk for more information or visit illinoislegalaid.org.<br><br>Call or text Illinois Court Help at 833-411-1121 for information about how to go to court including how to fill out and file forms. You can also get free legal information and legal referrals at illinoislegalaid.org. |
|---|---|
| **Plaintiff/Petitioner:** | Do not use this form in an eviction, small claims, detinue, divorce, or replevin case. Use the *Eviction Summons, Small Claims Summons, or Summons Petition for Dissolution of Marriage / Civil Union* available at illinoiscourts.gov/documents-and-forms/approved-forms. If your case is a detinue or replevin, visit illinoislegalaid.org for help.<br><br>If you are suing more than 1 Defendant/Respondent, fill out a *Summons* form for each Defendant/Respondent. |

**1.** **Defendant/Respondent's address and service information:**

| In 1a, enter the name and address of a Defendant/ Respondent. If you are serving a Registered Agent, include the Registered Agent's name and address here. | a. | Defendant/Respondent's primary address/information for service:<br>Name *(First, Middle, Last):*  Precision Dialogue Direct, Inc<br>Registered Agent's name, if any:  CT Corporation System<br>Street Address, Unit #:  208 SO LASALLE ST, SUITE 814<br>City, State, ZIP:  CHICAGO , IL 60604<br>Telephone: _____  Email: _____ |
|---|---|---|
| In 1b, enter a second address for Defendant/ Respondent, if you have one. | b. | If you have more than one address where Defendant/Respondent might be found, list that here:<br>Name *(First, Middle, Last):* _____<br>Street Address, Unit #: _____<br>City, State, ZIP: _____<br>Telephone: _____  Email: _____ |
| In 1c, check how you are sending your documents to Defendant/ Respondent. | c. | Method of service on Defendant/Respondent:<br>☐ Sheriff   ☐ Sheriff outside Illinois: _____<br>*County & State*<br>☐ Special process server   ☐ Licensed private detective |

Enter the Case Number by the Circuit Clerk

| | |
|---|---|
| In **2**, enter the amount of money owed to you. | **2.** **Information about the lawsuit:**<br>Amount claimed: $ more than $50k |
| In **3**, enter your complete address, telephone number, and email address, if you have one. | **3.** **Contact information for the Plaintiff/Petitioner:**<br>Name *(First, Middle, Last)*: William Beaumont<br>Street Address, Unit #: 107 W. Van Buren Suite 209<br>City, State, ZIP: Chicago, Illinois 60605<br>Telephone: 773-831-8000　　　　Email: whb@beaumontcostales.com |

**GETTING COURT DOCUMENTS BY EMAIL:** You should use an email account that you do not share with anyone else and that you check every day. If you do not check your email every day, you may miss important information, notice of court dates, or documents from other parties.

| **Important information for the person getting this form** | You have been sued. Read all of the documents attached to this *Summons*.<br>To participate in the case, you must follow the instructions listed below. If you do not, the court may decide the case without hearing from you and you could lose the case. *Appearance* and *Answer/Response* forms can be found at: illinoiscourts.gov/documents-and-forms/approved-forms/. |
|---|---|

| | |
|---|---|
| Check **4a** or **4b**. If Defendant/Respondent only needs to file an *Appearance* and *Answer/Response* within 30 days, check box **4a**. Otherwise, if the clerk gives you a court date, check box **4b**. | **4.** **Instructions for person receiving this *Summons* (Defendant):**<br>☑ a. To respond to this *Summons*, you must file *Appearance* and *Answer/Response* forms with the court within 30 days after you have been served (*not counting the day of service*) by e-filing or at:<br>Address: 50 W. Washington St.<br>City, State, ZIP: Chicago, Illinois 60602 |
| In **4a**, fill out the address of the court building where the Defendant may file or e-file their *Appearance* and *Answer/ Response*. | ☐ b. Attend court:<br>On: _____ at _____ ☐ a.m. ☐ p.m. in _____<br>　　　*Date*　　　　　*Time*　　　　　　　　　　*Courtroom*<br>**In-person at:**<br><br>_____<br>*Courthouse Address*　　*City*　　　　　*State*　　*ZIP*<br>**OR** |
| In **4b**, fill out:<br>• The court date and time the clerk gave you.<br>• The courtroom and address of the court building.<br>• The call-in or video information for remote appearances (if applicable).<br>• The clerk's phone number and website. All of this information is available from the Circuit Clerk. | **Remotely** (You may be able to attend this court date by phone or video conference. This is called a "Remote Appearance"):<br>By telephone: _____<br>　　　　　　　*Call-in number for telephone remote appearance*<br>By video conference: _____<br>　　　　　　　　　　*Video conference website*<br>_____<br>*Video conference log-in information (meeting ID, password, etc.)*<br>Call the Circuit Clerk at: _____ or visit their website<br>　　　　　　*Circuit Clerk's phone number*<br>at: _____ to find out more about how to do this.<br>　　*Website* |

| | |
|---|---|
| **STOP!**<br>The Circuit Clerk will fill in this section.<br><br>**STOP!**<br>The officer or process server will fill in the Date of Service. | **Witness this Date:** _____<br><br>**Clerk of the Court:** 8/26/2022 1:32 PM IRIS Y. MARTINEZ<br><br>**This *Summons* must be served within 30 days of the witness date.**<br><br>Date of Service: _____<br>　　　　　　*(Date to be entered by an officer or process server on the copy of this Summons left with the Defendant or other person.)* |



| STATE OF ILLINOIS, CIRCUIT COURT _____ COUNTY | PROOF OF SERVICE OF SUMMONS AND COMPLAINT/PETITION | For Court Use Only |
|---|---|---|

| Instructions | | |
|---|---|---|
| Enter above the county name where the case was filed. | **Plaintiff / Petitioner** *(First, middle, last name)* | |
| Enter your name as Plaintiff/Petitioner. | | |
| Enter the names of all people you are suing as Defendants/ Respondents. | v. | |
| | **Defendant / Respondent** *(First, middle, last name)* | |
| Enter the Case Number given by the Circuit Clerk. | ☐ **Alias Summons** *(Check this box if this is not the 1st Summons issued for this Defendant.)* | **Case Number** |

**\*\*Stop. Do not complete the form. The sheriff or special process server will fill in the form.\*\***

My name is _____ and I state
　　　　　　　*First, Middle, Last*

☐ I served the *Summons* and Complaint/Petition on the Defendant/Respondent

_____ as follows:
*First, Middle, Last*

　　☐ Personally on the Defendant/Respondent:
　　　Male ☐　Female ☐　Non-Binary ☐　Approx. Age: _____ Race: _____
　　　On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.
　　　Address, Unit#: _____
　　　City, State, ZIP: _____

　　☐ On someone else at the Defendant/Respondent's home who is at least 13 years old and is a family member or lives there:
　　　On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.
　　　Address, Unit#: _____
　　　City, State, ZIP: _____
　　　And left it with: _____
　　　　　　　　　　　*First, Middle, Last*
　　　Male ☐　Female ☐　Non-Binary ☐　Approx. Age: _____ Race: _____
　　　and by sending a copy to this defendant in a postage-paid, sealed envelope to the
　　　above address on _____ , 20 _____ .
　　☐ On the Corporation's agent, _____
　　　　　　　　　　　　　　　　　　*First, Middle, Last*
　　　Male ☐　Female ☐　Non-Binary ☐　Approx. Age: _____ Race: _____
　　　On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.
　　　Address: _____
　　　City, State, ZIP: _____

Enter the Case Number of the Circuit Clerk

☐ **I was not able to serve the** *Summons* **and Complaint/Petition on Defendant/Respondent:**

_____
*First, Middle, Last*

I made the following attempts to serve the *Summons* and Complaint/Petition on the Defendant/Respondent:

1. On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.
   Address: _____
   City, State, ZIP: _____
   Other information about service attempt: _____
   _____
   _____
   _____

2. On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.
   Address: _____
   City, State, ZIP: _____
   Other information about service attempt: _____
   _____
   _____
   _____

3. On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.
   Address: _____
   City, State, ZIP: _____
   Other information about service attempt: _____
   _____
   _____
   _____

| | |
|---|---|
| **DO NOT** complete this section. The sheriff or private process server will complete it. | **If you are a special process server, sheriff outside Illinois, or licensed private detective, your signature certifies that everything on the *Proof of Service of Summons* is true and correct to the best of your knowledge. You understand that making a false statement on this form could be perjury.** |

**By:**

**FEES**

Under the Code of Civil Procedure, 735 ILCS 5/1-109, making a statement on this form that you know to be false is perjury, a Class 3 Felony.

_____

*Signature by:*  ☐ Sheriff
                 ☐ Sheriff outside Illinois:

_____
*County and State*
                 ☐ Special process server
                 ☐ Licensed private detective

_____
*Print Name*

Service and Return: $ _____
Miles _____        $ _____
Total                  $ 0.00

If *Summons* is served by licensed private detective or private detective agency:
License Number: _____

**Print Form**      **Save Form**      **Reset Form**

FILED
8/26/2022 1:32 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2022CH08472
Calendar, 10
19257046

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, CHANCERY DIVISION

| | |
|---|---|
| JAVIER TREJO, individually and on behalf of other persons similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>PRECISION DIALOGUE DIRECT, INC.,<br><br>Defendant. | Case No.:<br><br>**2022CH08472**<br><br>CLASS ACTION COMPLAINT |

Plaintiff Javier Trejo files the following Class Action Complaint against Defendant Precision Dialogue Direct, Inc.:

## **NATURE OF THE ACTION**

1. This is an action by Javier Trejo ("Plaintiff"), individually and on behalf of other persons similarly situated ("class members") to obtain statutory damages and other equitable relief under the Illinois Biometric Information Privacy Act ("BIPA" or "the Act").

2. Plaintiff and class members are subject to the unlawful biometric scanning and storage practices of Defendant, Precision Dialogue Direct, Inc. ("Defendant").

3. As past and present employees of Defendant, Plaintiff and class members were required to provide it with their personalized biometric identifiers and the biometric information derived therefrom ("biometric data"). Specifically, Defendant collects and stores its employees' fingerprints and requires all the employees to clock-in and clock-out by scanning their fingerprints into a fingerprint-scanning machine.

4. Following the capture of their employees' biometric data, Defendant uses this data to compare the future scans of their employees' fingerprints into a punch-clock device. The punch-clock device scans each fingerprint and confirms that the employee punching in to work is who

1

they claim to be. The collection of the punch-clock fingerprint entries is then used to confirm employees' presence.

5.     Plaintiff and class members have not been notified where their fingerprints are being stored, for how long Defendant will keep the fingerprints, and what might happen to this valuable information.

6.     The State of Illinois recognized the value and importance of preserving people's biometric data when it passed the Illinois Biometric Information Privacy Act.

7.     Unlike other forms of personal identification, such as photo IDs or passwords, fingerprints are immutable aspects of our bodies. This makes them a promising source of future identification-related technology, particularly in our increasingly insecure technological world.

8.     If Defendant insists on collecting and storing their employees' fingerprints, Defendant must comply with the BIPA. This includes (1) notifying employees the practice is taking place; (2) informing employees of how the practice is implemented; (3) obtaining written consent from the employees to collect and store their biometric data; (4) maintaining their employees' biometric data in a sufficiently secure manner; and (5) maintaining a publicly available disclosure of how the biometric data will be handled and destroyed.

9.     Unfortunately for the Plaintiff and class members, none of these directives were followed. Accordingly, Plaintiff bring this action individually and on behalf of class members pursuant to obtain statutory damages and injunctive relief for violations of the Illinois Biometric Information Privacy Act, 740 ILCS § 14/1 *et seq.*

## JURISDICTION AND VENUE

10. This Court has jurisdiction over Defendant because Defendant has a base of operations in Illinois and does business extensively in Illinois. Furthermore, Defendant's unlawful conduct arose and was perpetuated while it was located in Illinois.

11. Venue is proper in this Court because Defendant is doing significant business in Cook County.

## PARTIES

12. Plaintiff is an individual subject to the same fingerprint-storing practices as other Defendant's employees, outlined in further detail below.

13. Defendant is a for-profit domestic corporation that is registered and doing business in the state of Illinois.

## FACTUAL ALLEGATIONS

14. Defendant required certain employees to scan their fingerprints in order to clock in and out at Defendant jobsites.

15. As part of this process, Defendant recorded and stored certain employees' fingerprint biometrics using fingerprint-scanning computer technology.

16. As part of this process, Defendant associated employees' biometric data with their personal identifying information, such as name and address.

17. Thus, Defendant caused the biometric data from employees' fingerprints to be recorded, collected, and stored.

18. Defendant did not inform in writing either Plaintiff or class members that their biometric data was being recorded, obtained, collected, and/or stored.

3

19.     Defendant did not inform in writing either Plaintiff or class members the specific purpose and length of term for which their biometric data would be collected, stored, and/or used.

20.     Defendant did not obtain Plaintiff's or class members' written consent to record, collect, obtain, and/or store Plaintiff's and class members' biometric data. Likewise, Defendant never provided Plaintiff with the requisite statutory disclosures nor an opportunity to prohibit or prevent the collection, storage or use of Plaintiff's unique biometric identifiers and/or biometric information.

21.     Defendant did not obtain Plaintiff's or class members' written consent to capture and store Plaintiff's and class members' biometric data.

22.     Defendant did not disclose to Plaintiff, class members, or the public its written retention schedule and guidelines for permanently destroying employee biometric data.

23.     Defendant did not disclose to Plaintiff or class members, in writing, of the specific purpose and length of term for which it was collecting, storing, and/or using class members' biometric data.

24.     Defendant did not disclose to Plaintiff the identities of any third parties with whom Defendant was directly or indirectly sharing, disclosing, or otherwise disseminating class members' biometric data.

25.     Upon information and belief, Defendant is storing its data in a manner less secure than it stores other similarly sensitive data. Upon information and belief, Defendant stores its employees' social security numbers (along with similar personal data) and confidential business records on personal computer systems with demonstrably more security than their fingerprint scanning machines possess. In addition to higher cyber security, Defendant's personal computer

4

systems are in secure physical locations not as easily accessible to third-parties and Defendant's employees.

## CLASS ACTION ALLEGATIONS

26.     Plaintiff seeks to certify a class action pursuant to 735 ILCS § 5/2-801 on behalf of the following class:

> *"All individuals whose biometric data Defendant collected or stored in Illinois."*

27.     Class treatment in this case is appropriate because:

(a) Pursuant to 735 ILCS 5/2-801 (1), the number of persons within the class is substantial, believed to amount to hundreds of persons. It is, therefore, impractical to join each member of the class as a named Plaintiff. Further, the size and relatively modest value of the claims of the individual members of the class renders joinder impractical. Accordingly, utilization of the class action mechanism is the most economically feasible means of determining and adjudicating the merits of this litigation. Moreover, the class is ascertainable and identifiable from Defendant's records.

(b) There are questions of fact or law common to the class, which common questions predominate over any questions affecting only individual members; these common questions of law and fact include, without limitation:

> i.   whether Defendant properly informed Plaintiff and the Class that it collected, used, and stored their biometric identifiers and/or biometric information;

     ii.   whether Defendant obtained a written release (as defined in 740 ILCS 1410) to collect, use, and store Plaintiff's and the Class' biometric identifiers and/or biometric information;

     iii.  whether Defendant developed a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within 3 years of their last interaction, whichever occurs first;

     iv.  whether Defendant used Plaintiff's and the Class' biometric identifiers and/or biometric information to identify them;

     v.   whether Defendant destroyed Plaintiff's and the Class' biometric identifiers and/or biometric information once that information was no longer needed for the purpose for which it was originally collected; and

     vi.  whether Defendant's violations of BIPA were committed intentionally, recklessly, or negligently.

(c) Given the nature of the employer-employment relationship, and the fact that Defendant's employees will likely risk their jobs and/or livelihoods to enforce their rights under the BIPA, members of the class will be reluctant to bring forth claims for unpaid wages and notices violations for fear of retaliation;

(d) The class representative, class members and Defendant have a commonality of interest in the subject matter and remedies sought and the Plaintiff is able to fairly and adequately represent the interest of the class. If individual actions

6

were required to be brought by each member of the class injured or affected, the result would be a multiplicity of actions creating a hardship on the class members, the Defendant and the Court. Plaintiff has retained and is represented by qualified and competent counsel who are highly experienced in complex consumer class action litigation. Plaintiff and Plaintiff's counsel are committed to vigorously prosecuting this class action. Moreover, Plaintiff is able to fairly and adequately represent and protect the interests of such a Class. Neither Plaintiff nor Plaintiff's counsel has any interest adverse to, or in conflict with, the interests of the absent members of the Class.

(e) The class action provides a superior method for fairly and efficiently adjudicating this controversy because many class members cannot feasibly vindicate their rights by individual suit because the value of their recoveries are outweighed by the burden and expense of litigating against the corporate Defendant. Even if every member of the Class could afford to pursue individual litigation, the Court system could not. It would be unduly burdensome to the courts in which individual litigation of numerous cases would proceed. Individualized litigation would also present the potential for varying, inconsistent or contradictory judgments, and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same factual issues. By contrast, the maintenance of this action as a class action, with respect to some or all of the issues presented herein, presents few management difficulties, conserves the resources of the parties and of the court system and protects the rights of each member of the Class. Plaintiff anticipates

7

no difficulty in the management of this action as a class action. Class-wide relief is essential to compliance with BIPA.

28.     Therefore, a class action is an appropriate method for the fair and efficient adjudication of this lawsuit.

## COUNT I
## VIOLATIONS OF ILLINOIS BIOMETRIC INFORMATION PRIVACY ACT
(Damages)

29.     Plaintiff incorporates by reference each of the preceding allegations as though fully set forth herein.

30.     Defendant recorded, collected, and stored Plaintiff's and class members' biometric identifiers and biometric information as defined by 740 ILCS § 14/10 of the Act. Every instance of Defendant collecting, capturing, storing, and/or sharing Plaintiff's and class members' biometrics identifiers and biometric information constitutes a violation of the Act.

31.     Defendant violated Section 14/15(a) of the Act by failing to develop and/or make public its written retention schedule or guidelines for permanently destroying biometric identifiers and biometric information as specified by BIPA.

32.     Defendant violated Section 14/15(b) of the Act by collecting, capturing, obtaining and storing Plaintiff's and class members' biometric identifiers and/or information without informing them in writing and obtaining a written release, that:

(a) The biometric data was being recorded, obtained, collected, or stored; and

(b) The specific purpose and length of term for which the biometric data was being collected, captured, obtained, and/or stored.

33.     Defendant violated 14/15(e) of the Act by failing to store class members biometric data using the reasonable standard of care within its industry and/or in a manner that is the same

as or more protective than the manner in which the private entity stores, transmits, and protects other confidential and sensitive information.

34.    Defendant's conduct is at best negligent and at worst reckless.

35.    Accordingly, Defendant is liable to Plaintiff and class members in the amount of liquidated damages or actual damages, whichever is greater. 740 ILCS § 14/20(1).

## PRAYER FOR RELIEF

Plaintiff asks the court to enter judgment in Plaintiff's favor against Defendant and issue an order:

a.  Certifying this case as a class action, naming Plaintiff as class representatives and Plaintiff's counsel as class counsel;

b.  Declaring that Defendant has violated the Illinois Biometric Information Privacy Act, and enter a judgment in favor of Plaintiff and the class;

c.  Awarding statutory damages of $5,000 for each willful or reckless violation of the Act, $1,000 for each negligent violation of the Act;

d.  Awarding reasonable attorneys' fees and costs of this action;

e.  Awarding pre-judgment and post-judgment interest on all monetary amounts awarded in this action; and

f.  Awarding such other general and equitable relief as this Court deems equitable and just.

## COUNT II
## VIOLATIONS OF ILLINOIS BIOMETRIC INFORMATION PRIVACY ACT
(Injunctive Relief)

36.    Plaintiff incorporates by reference each of the preceding allegations as though fully set forth herein.

37.    The Act provides for injunctive relief. 740 ILCS § 14/20(4).

38.    Plaintiff and class members are entitled to an order requiring Defendant to make disclosures consistent with the Act and enjoining further unlawful conduct.

39.     Plaintiff seeks an order requiring Defendant to publicly disclose a written policy establishing the specific purpose and length of term for which class members' biometric data has been collected, stored, and used. Additionally, Plaintiff seeks a disclosure from Defendant relative to its policy of permanently destroying class members' biometric data. 740 ILCS § 14/15(a).

40.     Plaintiff seeks an order requiring Defendant to disclose whether Defendant retained their or any other class members' biometrics, and, if so, when and how such biometrics were permanently destroyed.

41.     Plaintiff seeks an order requiring Defendant to disclose to whom it has disseminated, sold, or transferred Plaintiff's and class members' biometric data.

42.     Plaintiff seeks an order requiring Defendant to disclose the standard of care that it employed to store, transmit, and protect class members biometrics.

43.     Plaintiff seeks an order enjoining Defendant from future violations of the Act.

44.     Plaintiff and class members do not know what Defendant has done (or intends to do) with their biometric data. Injunctive relief is necessary to afford Plaintiff and class members the safety and peace of mind envisioned by the passage of the Act.

## **PRAYER FOR RELIEF**

Plaintiff asks the court to enter judgment in their favor against Defendant and issue an order:

a.  Certifying this case as a class action, naming Plaintiff as class representatives and their counsel as class counsel;

b.  Declaring that Defendant has violated the Illinois Biometric Information Privacy Act, and enter a judgment in favor of Plaintiff and the class;

c.  Awarding injunctive and equitable relief as necessary to protect the interests of the Plaintiff and the class;

d.  Awarding reasonable attorneys' fees and costs of this action;

e. Awarding such other general and equitable relief as this Court deems equitable and just.

*Respectfully Submitted,*

*/s/ William H. Beaumont*

Roberto Luis Costales (#6329085)
William H. Beaumont (#6323256)
BEAUMONT COSTALES LLC
107 W. Van Buren, Suite 209
Chicago, IL 60605
Telephone: (773) 831-8000
rlc@beaumontcostales.com
whb@beaumontcostales.com
*Attorneys for Plaintiff*

FILED
8/26/2022 1:32 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2022CH08472
Calendar, 10
19257046

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, CHANCERY DIVISION

| | |
|---|---|
| JAVIER TREJO, individually and on behalf of other persons similarly situated, | Case No.: |
| Plaintiff, | **2022CH08472** |
| v. | |
| PRECISION DIALOGUE DIRECT, INC., | |
| Defendant. | |

Under penalties as provided by law pursuant to Section 1-109 of the Code of Civil Procedure, the undersigned certifies that this civil action seeks in excess of $50,000 on behalf of the Plaintiff and the proposed Class.

Dated: August 26, 2022          */s/ William H. Beaumont*

Roberto Luis Costales (#6329085)
William H. Beaumont (#6323256)
BEAUMONT COSTALES LLC
107 W. Van Buren, Suite 209
Chicago, IL 60605
Telephone: (773) 831-8000
rlc@beaumontcostales.com
whb@beaumontcostales.com
*Attorneys for Plaintiff*

# EXHIBIT 2

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **JAVIER TREJO,**<br>**individually and on behalf of other**<br>**persons similarly situated,**<br><br>Plaintiff,<br><br>v.<br><br>**PRECISION DIALOGUE DIRECT,**<br>**INC.,**<br><br>Defendant. | Case No.   22-cv-5296<br><br>Removed from the State of Illinois,<br>Circuit Court of Cook County,<br>Case No. 2022 CH 08472 |

## <u>DECLARATION OF MARK BROTHERS</u>

COMES NOW Mark Brothers, and, pursuant to 28 U.S.C. § 1746, declares as follows:

1.      I am a citizen of the United States, over 18 years of age, and competent to testify as to the matters contained in this Declaration.

2.      I have personal knowledge of the facts set forth in this Declaration, or I have knowledge of such facts based upon corporate records which I have reviewed.  Such corporate records are maintained in the regular course of business.

3.      I am employed by R.R. Donnelley & Sons Company ("RRD") as Senior Vice President of Human Resources and Deputy Compliance Officer. I have been with RRD since February 1999.  In my role, I am familiar with RRD's affiliates, including Precision Dialogue Direct, Inc. ("PDD"), and PDD's employees, personnel records, and timekeeping practices.

4.      PDD is a corporation organized and incorporated under the laws of the State of Illinois, with its principal place of business in Chicago, Illinois.

5.      Since August 26, 2017, only three of RRD's locations in Illinois have used timeclocks that scan a portion of the employee's fingertip or hand. RRD's records reflect that over 350 employees in those three locations may have used the timeclock system that scans a portion of the employee's fingertip or hand since August 26, 2017.

6.     RRD's records reflect that some of the putative class members live outside of Illinois, including in Indiana, Wisconsin, Michigan, Ohio, and Oklahoma.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 28th day of September 2022.

MARK BROTHERS

# EXHIBIT 3

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **JAVIER TREJO,**<br>**individually and on behalf of other**<br>**persons similarly situated,** | Case No.  22-cv-5296 |
| Plaintiff, | Removed from the State of Illinois,<br>Circuit Court of Cook County,<br>Case No. 2022 CH 08472 |
| v. | |
| **PRECISION DIALOGUE DIRECT,**<br>**INC.,** | |
| Defendant. | |

## NOTICE TO ADVERSE PARTY OF FILING OF NOTICE OF REMOVAL

To:   Robert Luis Costales
      William H. Beaumont
      Beaumont Costales LLC
      107 W. Van Buren, Suite 209
      Chicago, Illinois 60605

PLEASE TAKE NOTICE that on September 28, 2022, Defendant Precision Dialogue Direct, Inc., by and through its attorneys, Littler Mendelson, P.C., filed its Notice of Removal with the Clerk of the United States District Court for the Northern District of Illinois, Eastern Division, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, of this action now pending in the Circuit Court of Cook County, Case No. 2022 CH 08472.  A copy of that Complaint was filed with the Notice of Removal.  Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of the Notice of Removal is attached to this Notice and hereby served upon you.

Dated:  September 28, 2022                    Respectfully Submitted,


                                              */s/ Orly Henry*

Kwabena Appenteng
*kappenteng@littler.com*
Orly Henry
*ohenry@littler.com*
LITTLER MENDELSON, P.C.
321 North Clark Street, Suite 1100
Chicago, Illinois 60654
312-372-5520

Patricia J. Martin
*pmartin@littler.com*
LITTLER MENDELSON, P.C.
600 Washington Avenue, Suite 900
St. Louis, Missouri 63101
314-659-2000

*Attorneys for Defendant Precision Dialogue Direct, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

      I, Orly Henry, an attorney, certify that I caused a copy of the foregoing document to be served upon the below attorneys of record via email on September 28, 2022:

      Roberto Luis Costales
      *rlc@beaumontcostales.com*
      William H. Beaumont
      *whb@beaumontcostales.com*
      Beaumont Costales LLC
      107 W. Van Buren, Suite 209
      Chicago, Illinois 60605


      */s/ Orly Henry*
      One of Defendant's Attorneys

# EXHIBIT 4

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, CHANCERY DIVISION**

| | |
|---|---|
| **JAVIER TREJO,**<br>**individually and on behalf of other**<br>**persons similarly situated,**<br><br>Plaintiff,<br><br>v.<br><br>**PRECISION DIALOGUE DIRECT,**<br>**INC.,**<br><br>Defendant. | Case No. 2022 CH 08472 |

**DEFENDANT'S NOTICE TO STATE COURT OF FILING OF NOTICE OF REMOVAL**

PLEASE TAKE NOTICE that on September 28, 2022, Defendant Precision Dialogue Direct, Inc., by and through its attorneys, Littler Mendelson, P.C., filed a Notice of Removal with the Clerk of the United States District Court for the Northern District of Illinois, Eastern Division pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. A true and correct copy of the Notice of Removal is attached as Exhibit A.

PLEASE TAKE FURTHER NOTICE that the filing of said Notice of Removal in Federal Court, together with the filing of a copy of said Notice with this Court, effects the removal of this Action in accordance with 28 U.S.C. § 1446(d).

Dated: September 28, 2022                Respectfully Submitted,


                                         */s/ Orly Henry*

Kwabena Appenteng
*kappenteng@littler.com*
Orly Henry
*ohenry@littler.com*
LITTLER MENDELSON, P.C.
321 North Clark Street, Suite 1100
Chicago, Illinois 60654
312-372-5520

Patricia J. Martin
*pmartin@littler.com*
LITTLER MENDELSON, P.C.
600 Washington Avenue, Suite 900
St. Louis, Missouri 63101
314-659-2000

*Attorneys for Defendant Precision Dialogue Direct, Inc.*

2

## <u>CERTIFICATE OF SERVICE</u>

I, Orly Henry, an attorney, certify that I caused a copy of the foregoing document to be served upon the below attorneys of record via email on September 28, 2022:

Roberto Luis Costales
*rlc@beaumontcostales.com*
William H. Beaumont
*whb@beaumontcostales.com*
Beaumont Costales LLC
107 W. Van Buren, Suite 209
Chicago, Illinois 60605

*/s/ Orly Henry*
One of Defendant's Attorneys