IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JAVIER TREJO, individually and on behalf of other persons similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>PRECISION DIALOGUE DIRECT, INC.,<br><br>Defendant. | Case No.: 22-cv-05296<br><br>Honorable John F. Kness |

**PLAINTIFF'S MOTION TO AMEND THE COMPLAINT**

Plaintiff Javier Trejo offers the following argument in support of his motion to amend the complaint, pursuant to Fed. R. Civ. P. 15(a). Defendant Precision Dialogue Direct, Inc. ("Precision") opposes the motion.

1. **Introduction**

This is a putative class action under the Illinois Biometric Information Privacy Act, Ill. Comp. Stat. 14/1 *et seq*. ("BIPA"). Plaintiff alleges that he and other class members were required by Defendant Precision to use a timeclock that collected their biometric data. Plaintiff further alleges that Precision did not obtain Plaintiff or class members' written consent to collect such data. As part of the preliminary exchange of information between the parties, Plaintiff learned that both he and putative class members have claims against an additional entity: R.R. Donnelley & Sons Company ("R.R. Donnelly"). Upon information and belief R.R. Donnelly is the parent company of Defendant Precision, and in that capacity R.R. Donnelly is liable for ordering and/or implementing the allegedly unlawful biometric timeclock policy at issue in this case. Thus, Plaintiff now moves to amend his complaint to add R.R. Donnelly as an additional Defendant.

1

2. **Summary of the Amended Complaint**

The proposed amended complaint adds R.R. Donnelly as a second Defendant and leaves virtually unchanged the underlying allegations in the original complaint. A copy of the proposed amended complaint is attached hereto at ***Exhibit 1***. As is evident from the amendment, Plaintiff states the same claim against R.R. Donnelly as he does against Precision. The only other substantive change is a revision to the complaint indicating that class members are "workers" rather than "employees" of the Defendants.

3. **Standard of Review and Argument**

Rule 15(a)(2) provides that amendments to the pleadings are allowed "only with the opposing party's written consent or the court's leave," and the Court should "freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). This is a liberal standard that the Supreme Court has held "require[s] a district court to allow amendment unless there is a good reason—futility, undue delay, undue prejudice, or bad faith—for denying leave to amend." *Life Plans, Inc. v. Sec. Life of Denver Ins. Co.*, 800 F.3d 343, 357–58 (7th Cir. 2015) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

As argued in more detail below, none of the four reasons for denying a request to amend are applicable here and so the Plaintiff's motion should be granted.

    i.    **The amendment is not futile.**

Courts "may refuse to entertain a proposed amendment on futility grounds when the new pleading would not survive a motion to dismiss." *Gandhi v. Sitara Capital Management, LLC*, 721 F.3d 865, 869 (7th Cir. 2013). *See also Bower v. Jones*, 978 F.2d 1004, 1008 (7th Cir. 1992) ("[A]n amendment may be futile when it fails to state a valid theory of liability or could not withstand a motion to dismiss."). Here, the amended complaint is not futile. Plaintiff states the same claim

against R.R. Donnelly as he does against Precision, and nothing about the addition of R.R. Donnelly makes the complaint destined to fail under FRCP 12.

### ii. The amendment is not unduly prejudicial.

Because almost every amendment to a complaint results in some prejudice to the opponent, the operative inquiry is whether the resulting prejudice is "undue." *Carlson v. Northrop Grumman Corp.*, No. 13 C 2635, 2014 WL 5334038, at *3 (N.D. Ill. Oct. 20, 2014). Undue prejudice exists "when the amendment brings entirely new and separate claims...more than an alternative claim or a change in the allegations of the claimant and when the additional discovery is expensive and time-consuming." *In re Ameritech Corp.*, 188 F.R.D. 280, 283 (N.D. Ill. 1999) (internal citations omitted). "[A] party seeking an amendment carries the burden of proof in showing that prejudice will result to the non-moving party." *King v. Cooke*, 26 F.3d 720, 724 (7th Cir. 1994).

Here, the amended complaint does not add "entirely new and separate claims" that place expensive or time-consuming burdens on anyone. Plaintiff is only adding Defendant Precision's corporate parent as an additional Defendant. Any nominal costs created by the proposed amended complaint are unquestionably smaller than the costs attendant to a second class action lawsuit— which would be the inevitable result if Plaintiff's motion to amend is denied.

### iii. The amendment is not unduly delayed.

"[D]elay is an insufficient basis for denying a motion to amend unless this delay results in undue prejudice to the opposing party." *Tragarz v. Keene Corp.*, 980 F.2d 411, 432 (7th Cir. 1992). Here, the there is no undue delay. Plaintiff moved to amend his complaint at the earliest practicable time after. Further, there has not yet been a status conference in this case and the Parties are in the very beginning of written discovery. There have been no depositions and there is no trial date. In short, the motion to amend has not been unduly delayed.

### iv. The motion to amend is not in bad faith.

The fourth and final ground for denying a motion to amend is bad faith. *Foman* at 182. As the preceding points make clear, Plaintiff's motion is not being made in bad faith. To the contrary, it is a good faith attempt to consolidate the principle actors involved in the dispute that underlies this case. Plaintiff did not unnecessarily delay in moving to amend his complaint and there is no improper motive or purpose behind his motion. Accordingly, bad faith simply does not apply.

### 4. Conclusion

For foregoing reasons Plaintiff asks the Court to grant their motion to amend the complaint.

Dated: December 20, 2022

*Respectfully submitted,*

*/s/ Roberto Luis Costales*

Roberto Luis Costales (#6329085)
William H. Beaumont (#6323256)
BEAUMONT COSTALES LLC
107 W. Van Buren, Suite 209
Chicago, IL 60605
Telephone: (773) 831-8000
rlc@beaumontcostales.com
whb@beaumontcostales.com
*Attorneys for Plaintiff*

### CERTIFICATE OF SERVICE

I hereby certify that on December 20, 2022, a true and accurate copy of the foregoing was served via Pacer e-file on all counsel of record.

*/s/ Roberto Luis Costales*

4