**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| JAVIER TREJO, individually and on behalf of other persons similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>R.R. DONNELLEY & SONS COMPANY and PRECISION DIALOGUE DIRECT, INC.,<br><br>Defendants. | Case No.: 22-cv-05296<br><br>Honorable John F. Kness |

**FIRST AMENDED CLASS ACTION COMPLAINT**

Plaintiff Javier Trejo files the following Class Action Complaint against Defendants R.R. Donnelley & Sons Company and Precision Dialogue Direct, Inc.:

**NATURE OF THE ACTION**

1. This is an action by Javier Trejo ("Plaintiff"), individually and on behalf of other persons similarly situated ("class members") to obtain statutory damages and other equitable relief under the Illinois Biometric Information Privacy Act ("BIPA" or "the Act").

2. Plaintiff and class members are subject to the unlawful biometric scanning and storage practices of Defendants, R.R. Donnelley & Sons Company ("R.R. Donnelley") and Precision Dialogue Direct, Inc. ("Precision Dialogue") (collectively "Defendants").

3. Plaintiff and class members were required to provide Defendants with their personalized biometric identifiers and the biometric information derived therefrom ("biometric data"). Specifically, Defendants collect and store their worker's fingerprints by requiring them to clock-in and clock-out by scanning their fingerprints into a fingerprint-scanning machine.

1

4. Following the capture of their worker's biometric data, Defendants use this data to compare the future scans of fingerprints into a punch-clock device. The punch-clock device scans each fingerprint and confirms that the individual punching in to work is who they claim to be. The collection of the punch-clock fingerprint entries is then used to confirm an individual's presence.

5. Plaintiff and class members have not been notified where their fingerprints are being stored, for how long Defendants will keep the fingerprints, and what might happen to this valuable information.

6. The State of Illinois recognized the value and importance of preserving people's biometric data when it passed the Illinois Biometric Information Privacy Act.

7. Unlike other forms of personal identification, such as photo IDs or passwords, fingerprints are immutable aspects of our bodies. This makes them a promising source of future identification-related technology, particularly in our increasingly insecure technological world.

8. If Defendants insist on collecting and storing their worker's fingerprints, Defendants must comply with the BIPA. This includes (1) notifying individuals the practice is taking place; (2) informing individuals of how the practice is implemented; (3) obtaining written consent from individuals to collect and store their biometric data; (4) maintaining the biometric data in a sufficiently secure manner; and (5) maintaining a publicly available disclosure of how the biometric data will be handled and destroyed.

9. Unfortunately for the Plaintiff and class members, none of these directives were followed. Accordingly, Plaintiff bring this action individually and on behalf of class members pursuant to obtain statutory damages and injunctive relief for violations of the Illinois Biometric Information Privacy Act, 740 ILCS § 14/1 *et seq*.

## JURISDICTION AND VENUE

10. This Court has jurisdiction over Defendants because Defendants have a base of operations in Illinois and do business extensively in Illinois. Furthermore, Defendants' unlawful conduct arose and was perpetuated while they were located in Illinois.

11. Venue is proper in this Court because Defendants are doing significant business in Cook County.

## PARTIES

12. Plaintiff is an individual subject to the same fingerprint-storing practices as other of Defendants' workers, outlined in further detail below.

13. Defendants are a for-profit domestic corporation that are registered and doing business in the state of Illinois.

## FACTUAL ALLEGATIONS

14. Defendants required certain workers to scan their fingerprints in order to clock in and out at Defendants' jobsites.

15. As part of this process, Defendants recorded and stored fingerprint biometrics using fingerprint-scanning computer technology.

16. As part of this process, Defendants associated an individual's biometric data with their personal identifying information, such as name and address.

17. Thus, Defendants caused biometric data to be recorded, collected, and stored.

18. Defendants did not inform in writing either Plaintiff or class members that their biometric data was being recorded, obtained, collected, and/or stored.

19. Defendants did not inform in writing either Plaintiff or class members the specific purpose and length of term for which their biometric data would be collected, stored, and/or used.

20. Defendants did not obtain Plaintiff's or class members' written consent to record, collect, obtain, and/or store Plaintiff's and class members' biometric data. Likewise, Defendants never provided Plaintiff with the requisite statutory disclosures nor an opportunity to prohibit or prevent the collection, storage or use of Plaintiff's unique biometric identifiers and/or biometric information.

21. Defendants did not obtain Plaintiff's or class members' written consent to capture and store Plaintiff's and class members' biometric data.

22. Defendants did not disclose to Plaintiff, class members, or the public its written retention schedule and guidelines for permanently destroying biometric data.

23. Defendants did not disclose to Plaintiff or class members, in writing, of the specific purpose and length of term for which they were collecting, storing, and/or using class members' biometric data.

24. Defendants did not disclose to Plaintiff the identities of any third parties with whom Defendants were directly or indirectly sharing, disclosing, or otherwise disseminating class members' biometric data.

25. Upon information and belief, Defendants are storing their data in a manner less secure than they store other similarly sensitive data. Upon information and belief, Defendants store their employees' social security numbers (along with similar personal data) and confidential business records on personal computer systems with demonstrably more security than their fingerprint scanning machines possess. In addition to higher cyber security, Defendants' personal computer systems are in secure physical locations not as easily accessible to third-parties and Defendants' employees.

## CLASS ACTION ALLEGATIONS

26. Plaintiff seeks to certify a class action pursuant to 735 ILCS § 5/2-801 on behalf of the following classes:

> **R.R. Donnelley Class:** *"All individuals whose biometric data R.R. Donnelley collected or stored in Illinois."*
>
> **Precision Dialogue Class:** *"All individuals whose biometric data Precision Dialogue collected or stored in Illinois."*

27. Excluded from these classes are (1) any Judge or Magistrate presiding over this Action; and (2) individuals who are identified by first and last name on Exhibit C ("Class List") of docket number 26-1 in the case captioned *Patricia Farias v. R.R. Donnelley & Sons Company*, Case No. 1:20-cv-07468 (N.D. Ill.).

28. Class treatment in this case is appropriate because:

    (a) Pursuant to 735 ILCS 5/2-801 (1), the number of persons within the classes are substantial, believed to amount to hundreds of persons. It is, therefore, impractical to join each member of the classes as a named Plaintiff. Further, the size and relatively modest value of the claims of the individual members of the classes renders joinder impractical. Accordingly, utilization of the class action mechanism is the most economically feasible means of determining and adjudicating the merits of this litigation. Moreover, the classes are ascertainable and identifiable from Defendants' records.

    (b) There are questions of fact or law common to the classes, which common questions predominate over any questions affecting only individual members; these common questions of law and fact include, without limitation:

5

    i. whether Defendants properly informed Plaintiff and the Classes that they collected, used, and stored their biometric identifiers and/or biometric information;

    ii. whether Defendants obtained a written release (as defined in 740 ILCS 1410) to collect, use, and store Plaintiff's and the Classes' biometric identifiers and/or biometric information;

    iii. whether Defendants developed a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within 3 years of their last interaction, whichever occurs first;

    iv. whether Defendants used Plaintiff's and the Classes' biometric identifiers and/or biometric information to identify them;

    v. whether Defendants destroyed Plaintiff's and the Classes' biometric identifiers and/or biometric information once that information was no longer needed for the purpose for which it was originally collected; and

    vi. whether Defendants' violations of BIPA were committed intentionally, recklessly, or negligently.

(c) Given the nature of the relationship between Defendants and members of the classes, members of the classes will be reluctant to bring forth claims for notice violations for fear of retaliation;

(d) The class representative, class members and Defendants have a commonality of interest in the subject matter and remedies sought and the Plaintiff is able to fairly and adequately represent the interest of the classes. If individual actions were required to be brought by each member of the class injured or affected, the result would be a multiplicity of actions creating a hardship on the class members, the Defendants and the Court. Plaintiff has retained and is represented by qualified and competent counsel who are highly experienced in complex consumer class action litigation. Plaintiff and Plaintiff's counsel are committed to vigorously prosecuting this class action. Moreover, Plaintiff is able to fairly and adequately represent and protect the interests of such Classes. Neither Plaintiff nor Plaintiff's counsel has any interest adverse to, or in conflict with, the interests of the absent members of the Classes.

(e) The class action provides a superior method for fairly and efficiently adjudicating this controversy because many class members cannot feasibly vindicate their rights by individual suit because the value of their recoveries are outweighed by the burden and expense of litigating against the corporate Defendants. Even if every member of the Classes could afford to pursue individual litigation, the Court system could not. It would be unduly burdensome to the courts in which individual litigation of numerous cases would proceed. Individualized litigation would also present the potential for varying, inconsistent or contradictory judgments, and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same factual issues. By contrast, the maintenance of this action as a class

action, with respect to some or all of the issues presented herein, presents few management difficulties, conserves the resources of the parties and of the court system and protects the rights of each member of the Classes. Plaintiff anticipates no difficulty in the management of this action as a class action. Class-wide relief is essential to compliance with BIPA.

29. Therefore, a class action is an appropriate method for the fair and efficient adjudication of this lawsuit.

## COUNT I
## VIOLATIONS OF ILLINOIS BIOMETRIC INFORMATION PRIVACY ACT
(Damages)

30. Plaintiff incorporates by reference each of the preceding allegations as though fully set forth herein.

31. Defendants recorded, collected, and stored Plaintiff's and class members' biometric identifiers and biometric information as defined by 740 ILCS § 14/10 of the Act. Every instance of Defendants collecting, capturing, storing, and/or sharing Plaintiff's and class members' biometrics identifiers and biometric information constitutes a violation of the Act.

32. Defendants violated Section 14/15(a) of the Act by failing to develop and/or make public its written retention schedule or guidelines for permanently destroying biometric identifiers and biometric information as specified by BIPA.

33. Defendants violated Section 14/15(b) of the Act by collecting, capturing, obtaining and storing Plaintiff's and class members' biometric identifiers and/or information without informing them in writing and obtaining a written release, that:

(a) The biometric data was being recorded, obtained, collected, or stored; and

  (b) The specific purpose and length of term for which the biometric data was being collected, captured, obtained, and/or stored.

34. Defendants violated 14/15(e) of the Act by failing to store class members biometric data using the reasonable standard of care within its industry and/or in a manner that is the same as or more protective than the manner in which the private entity stores, transmits, and protects other confidential and sensitive information.

35. Defendants' conduct is at best negligent and at worst reckless.

36. Accordingly, Defendants are liable to Plaintiff and class members in the amount of liquidated damages or actual damages, whichever is greater. 740 ILCS § 14/20(1).

## COUNT II
## VIOLATIONS OF ILLINOIS BIOMETRIC INFORMATION PRIVACY ACT
(Injunctive Relief)

37. Plaintiff incorporates by reference each of the preceding allegations as though fully set forth herein.

38. The Act provides for injunctive relief. 740 ILCS § 14/20(4).

39. Plaintiff and class members are entitled to an order requiring Defendants to make disclosures consistent with the Act and enjoining further unlawful conduct.

40. Plaintiff seeks an order requiring Defendants to publicly disclose a written policy establishing the specific purpose and length of term for which class members' biometric data has been collected, stored, and used. Additionally, Plaintiff seeks a disclosure from Defendants relative to its policy of permanently destroying class members' biometric data. 740 ILCS § 14/15(a).

41. Plaintiff seeks an order requiring Defendants to disclose whether Defendants retained their or any other class members' biometrics, and, if so, when and how such biometrics were permanently destroyed.

42. Plaintiff seeks an order requiring Defendants to disclose to whom it has disseminated, sold, or transferred Plaintiff's and class members' biometric data.

43. Plaintiff seeks an order requiring Defendants to disclose the standard of care that it employed to store, transmit, and protect class members biometrics.

44. Plaintiff seeks an order enjoining Defendants from future violations of the Act.

45. Plaintiff and class members do not know what Defendants have done (or intend to do) with their biometric data. Injunctive relief is necessary to afford Plaintiff and class members the safety and peace of mind envisioned by the passage of the Act.

## **PRAYER FOR RELIEF**

Plaintiff asks the court to enter judgment in his favor against Defendants and issue an order:

a. Certifying this case as a class action, naming Plaintiff as class representative and his counsel as class counsel;

b. Declaring that Defendants have violated the Illinois Biometric Information Privacy Act, and enter a judgment in favor of Plaintiff and the class;

c. Awarding statutory damages of $5,000 for each willful or reckless violation of the Act, $1,000 for each negligent violation of the Act;

d. Awarding injunctive and equitable relief as necessary to protect the interests of the Plaintiff and the class;

e. Awarding reasonable attorneys' fees and costs of this action;

f. Awarding such other general and equitable relief as this Court deems equitable and just.

*Respectfully Submitted,*

*/s/ William H. Beaumont*
_____
Roberto Luis Costales (#6329085)
William H. Beaumont (#6323256)
BEAUMONT COSTALES LLC
107 W. Van Buren, Suite 209
Chicago, IL 60605
Telephone: (773) 831-8000
rlc@beaumontcostales.com
whb@beaumontcostales.com
*Attorneys for Plaintiff*